IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUTH LENTZ, Individually and On Behalf of All Others Similarly Situated, | § § § | Civil Action No. 3:05-CV-0100-D (Consolidated with |
| Plaintiff, | § § | Civil Action No. 3:05-CV-0142-D, Civil Action No. 3:05-CV-0157-D |
| VS. | § § | Civil Action No. 3:05-CV-0184-D, Civil Action No. 3:05-CV-0203-D, |
| CITADEL SECURITY SOFTWARE, INC., et al., | § § § | Civil Action No. 3:05-CV-0297-D, and Civil Action No. 3:05-CV-0488-D) |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

In these consolidated putative class actions alleging securities fraud, two individual plaintiffs and a group of plaintiffs move to be designated lead plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and for approval of lead and liaison counsel.[1]

I

These are seven consolidated putative class actions alleging securities fraud against Citadel Security Software, Inc. ("Citadel") and several of its officers and directors under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.[2] Plaintiffs purchased Citadel common stock between February 12 and December 16, 2004. Scott Condon ("Condon"),

---

[1]Under § 205(a)(5) the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]The parties included in their motions requests that the court consolidate these actions. Because the court has already consolidated the cases, these requests are moot.

Douglas G. Ward ("Ward"), and the Citadel Investors Group ("CIG")[3] move to be designated lead plaintiff and for approval of lead and liaison counsel.[4]

Condon maintains that he should be appointed lead plaintiff as the purchaser of 6, 270 shares of Citadel common stock who suffered losses of approximately $21,749.30. He asserts that he meets the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) because he has the largest financial loss and otherwise satisfies the two pertinent requirements of Fed. R. Civ. P. 23(a): his claims are typical of those of the class, and he will fairly and adequately protect the interests of the class.[5]

Ward also moves to be designated lead plaintiff. He posits that he suffered losses of approximately $42,959.49 and that he meets the requirements of § 78u-4(a)(3)(B)(iii)(I) because he has the largest financial loss and otherwise satisfies the typicality and adequate representation requirements of Rule 23(a).[6]

CIG also moves for designation as lead plaintiff. It contends that its four members collectively purchased no fewer than 61,605 shares of Citadel common stock during the class period and suffered losses of at least $146,070. CIG also asserts that its members satisfy each requirement for designation. Alternatively, it requests that one of its members—Timothy M. Turose

---

[3]CIG consists of plaintiffs Timothy M. Turose, Elaine Turose, Lee Waters, and Howard Dayton.

[4]Plaintiffs Keith Ashley, Robert Larson, Mario Ledesma, Joanna Throckmonta, Raymond K. Richardson, Laurie K. Smith, Kwok Wong, and Kenneth Zimney also moved for similar relief, but they later withdrew their motions.

[5]Condon filed a March 23, 2005 response to the other movants' motions, but he did not offer grounds to support his motion or to refute the remaining movants' request for designation as lead counsel.

[6]Ward's request for oral argument is denied. *See* N.D. Tex. Civ. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held.").

("Turose")—be designated lead plaintiff.  *See* CIG Rep. Br. at 8-9.

II

Under the PSLRA, the court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members[.]"  15 U.S.C. § 78u-4(a)(3)(B)(i).  The court must presume

> that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).  This presumption is rebuttable "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II).

Ward asserts that he has sustained the largest loss of any other individual movant and that the members of CIG have not taken steps to demonstrate their cohesiveness and ability to represent the class effectively or to supervise their counsel, and that they are attempting impermissibly to aggregate the losses of unrelated individuals for purposes of securing designation as lead plaintiff.  He posits that he is a sophisticated and motivated investor who is able to lead these class actions.

CIG argues that its members' financial interests are substantially greater than any other movant, that it is presumptively entitled to be designated lead plaintiff, and that one of its members—Turose—suffered losses of approximately $78,435.20, which is greater than those of any other individual seeking lead plaintiff status.  CIG also notes that, together, Turose and his wife, who

is also a member of CIG, have combined losses of approximately $90,500.20. CIG asserts that its members have conferred and agreed to prosecute the case as vigorously as possible and to monitor their selected counsel throughout the action. Alternatively, it asks that Turose be designated lead plaintiff.

In this case the court need not consider in detail whether it should deny CIG's motion on the ground that its members consist of unrelated investors who have combined to secure the status of lead plaintiff. *Cf., e.g., In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Turose, a member of CIG, sustained the largest loss of any individual movant (approximately $78,435.20 compared to Ward's loss of approximately $42,959.49). And he and his wife together have a combined loss of approximately $90,500.20. It would be facetious to suggest that a husband and wife who invested and suffered losses in the same securities were "cobbled together . . . to aggregate their losses." *See* Ward Apr. 4, 2005 Mem. at 1 (referring to CIG and other groups that sought lead plaintiff status). And the court need not deny lead plaintiff status to CIG as a group where there are but two other members besides the Turoses, because there is no indication that their participation will weaken the group's ability to manage and prosecute the litigation and superintend their counsel.

There is no dispute in the record that CIG's members satisfies the typicality and adequate representation requirements of Rule 23(a).

Accordingly, CIG has demonstrated that it is entitled to the presumption that it is the most adequate plaintiff. This presumption has not been rebutted. The court therefore grants CIG's March 15, 2005 motion for appointment as lead plaintiff and for approval of lead plaintiff's selection of co-lead counsel. The court designates CIG as lead plaintiff and approves Murray, Frank & Sailer LLP and Goodkind Labaton Rudoff & Sucharow LLP as co-lead counsel and Baron & Budd, P.C. as

liaison counsel. The court denies Ward's March 15, 2005 motion for appointment as lead plaintiff and for approval of selection of lead and liaison counsel and denies Condon's March 15, 2005 motion for appointment as lead plaintiff and approval of plaintiff's selection of lead counsel.[7]

**SO ORDERED**.

May 25, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[7]In briefing these motions, none of these three movants complied with N.D. Tex. Civ. R. 7.1(i)(1) or 7.2(e). Rule 7.1(i)(1) provides that "[a] party who relies on documentary (including an affidavit, declaration, deposition, answer to interrogatory, or admission) or non-documentary evidence to support or oppose a motion must include such evidence in an appendix." Rule 7.2(e) states that "[i]f a party's motion or response is accompanied by an appendix, the party's brief must include citations to each page of the appendix that supports each assertion that the party makes concerning any documentary or non-documentary evidence on which the party relies to support or oppose the motion." The court expects counsel to comply with this court's local civil rules in briefing any other motions that may be filed in these consolidated cases.