UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

-----------------------------------------------------------x

| | | |
|---|---|---|
| RUTH LENTZ, Individually and On Behalf of All Others Similarly Situated, | : | Civ. Action No. 3:05-CV-0100-D (Consolidated with |
| | : | Civil Action No. 3:05-CV-0142-D |
| Plaintiff, | : | Civil Action No. 3:05-CV-0157-D |
| vs. | : | Civil Action No. 3:05-CV-0184-D |
| | : | Civil Action No. 3:05-CV-0203-D |
| CITADEL SECURITY SOFTWARE INC., et al., | : | Civil Action No. 3:05-CV-0297-D and |
| | : | Civil Action No. 3:05-CV-0488-D) |
| Defendants. | : | |

-----------------------------------------------------------x

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

-----------------------------------------------------------x

| | | |
|---|---|---|
| HANS J. BAIER, derivatively on behalf of Nominal Defendant, CITADEL SECURITY SOFTWARE, INC., | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| STEVEN B. SOLOMON, RICHARD CONNELLY, CHRIS A. ECONOMOU, | : | Civil Action No 3:05-CV-0846-D |
| Defendants, | : | |
| And | : | |
| CITADEL SECURITY SOFTWARE, INC. | : | |
| Nominal Defendant | : | |

-----------------------------------------------------------x

## STIPULATION OF SETTLEMENT

Plaintiffs Citadel Investors Group (consisting of Plaintiffs Timothy M. Turose and Elaine Turose, Lee Waters, and Howard Dayton), Derivative Plaintiff Hans J. Baier ("Federal Derivative Plaintiff"), Derivative Plaintiff Harry Brantley ("State Derivative Plaintiff") (collectively "Plaintiffs") and Defendants Citadel Security Software Inc. ("Citadel" or the "Company"), Steven B. Solomon ("Solomon"), Richard Connelly ("Connelly"), Chris A. Economou, John Leide, and Joe M. Allbaugh ("Defendants") (collectively, the "Settling Parties") hereby stipulate and agree as follows:

WHEREAS, between January 14, 2005 and March 10, 2005, seven putative securities class action lawsuits were filed by Plaintiffs on behalf of themselves and all others similarly situated in the United States District Court for the Northern District of Texas, Dallas Division (the "Federal Court") entitled: (1) *Ruth Lentz v. Citadel Security Software, Inc., et al.*, Civil Action No. 3-05-CV-0100, (2) *John Heller v. Citadel Security Software, Inc., et al.*, Civil Action No. 3-05-CV-0142, (3) *Adam Cheyney v. Citadel Security Software, Inc., et al.*, Civil Action No. 3-05-CV-0157, (4) *Richard Holland v. Citadel Security Software, Inc., et al.*, Civil Action No. 3-05-CV-0184, (5) *Phillip Crawford, Jr. v. Citadel Security Software, Inc., et al.*, Civil Action No. 3-05-CV-0203, (6) *Leonard Wald v. Citadel Security Software, Inc., et al.*, Civil Action No. 3-05-CV-0297, and (7) *Mike Halleck v. Citadel Security Software, Inc., et al.*, Civil Action No. 3-05-CV-0488 (collectively, the "Securities Actions");

WHEREAS, by Orders dated February 14, 2005, February 23, 2005 and March 17, 2005, the Federal Court consolidated the Securities Actions under the caption *Ruth Lentz v. Citadel Security Software, Inc., et al.*, Civil Action No. 3-05-CV-0100-D ("Consolidated Securities Litigation");

1

WHEREAS, on or about April 1, 2005, a shareholder derivative suit was filed by the State Derivative Plaintiff in the 193rd State District Court in Dallas County, Texas, (the "State Court") captioned *Harry Brantley v. Steven B. Solomon, et al.,* Cause No. 05-03117-L, against Citadel as a nominal defendant and against certain of Citadel's officers and directors (the "State Derivative Suit"), alleging breach of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment that occurred since February 12, 2004, specifically regarding allegedly false and misleading statements that were made to shareholders;

WHEREAS, on or about April 28, 2005, a shareholder derivative suit was filed by the Federal Derivative Plaintiff in the Federal Court, captioned *Hans J. Baier v. Steven B. Solomon, et al.,* 3:05-CV-0846-D, against Citadel as a nominal defendant and against certain of Citadel's officers and directors (the "Federal Derivative Suit"), alleging breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment that occurred between February 12, 2004 and December 16, 2004, specifically regarding allegedly false and misleading statements that were made to shareholders (the Consolidated Securities Litigation, Federal Derivative Suit, and the State Derivative Suit are collectively referred to as the "Actions");

WHEREAS, for purposes of this Settlement, the parties agree to consolidate the Consolidated Securities Litigation and the Federal Derivative Suit, both of which are pending before Judge Sidney A. Fitzwater in the Northern District of Texas;

WHEREAS, by Order dated May 25, 2005, the Federal Court in the Consolidated Securities Litigation appointed the Citadel Investors Group as Lead Plaintiff, appointed the law

firms of Murray, Frank & Sailer LLP and Labaton Sucharow & Rudoff LLP as Co-Lead Counsel, and appointed the law firm of Baron & Budd, P.C. as Liaison Counsel;

WHEREAS, on August 19, 2005, Co-Lead Counsel in the Consolidated Securities Litigation filed their Consolidated Complaint (the "Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended, and Rule 10b-5 promulgated thereunder;

WHEREAS, the Complaint asserts claims on behalf of a Class (defined below), alleging that Citadel, Solomon, and Connelly made materially false and misleading statements in financial statements and press releases concerning Citadel's financial results for 2003 through 2004. Specifically, the Complaint alleges that starting on February 12, 2004 and extending throughout the Class Period, Defendants publicly announced in press releases and SEC filings that the Company "expects to report revenues for fiscal 2004 of between $18,500,000 and $21,000,000," as compared to fiscal 2003 revenue of $5,856,296, a projected increase of between 216% to 259%. The Complaint also challenges the Company's reporting of deferred revenue as of December 31, 2003 and during the Class Period. The Complaint alleges that such statements were materially false and misleading when made, and were made without a reasonable basis, because Defendants knew both before and throughout the Class Period that there was no revenue forecasting system in place at Citadel, there was a dry sales pipeline, and there were long lead times from sales through implementation so that sales later in the year of the Company's major product, Hercules, could not be recognized as revenue;

WHEREAS, on October 18, 2005, Defendants moved to dismiss the Complaint, arguing that their statements regarding revenue projection and deferred revenue were not actionable for numerous reasons;

WHEREAS, Plaintiffs have opposed Defendants' motion, Defendants have replied, and Defendants' motion is fully briefed and pending before the Federal Court;

WHEREAS, protracted and arduous settlement negotiations have taken place between Plaintiffs' Counsel (in both the Federal Securities Action and Federal and State Derivative Suits) and Defendants' Counsel which resulted in the agreement herein;

WHEREAS, Plaintiffs' Counsel in the Consolidated Securities Action have considered (a) the substantial benefit to the Class that will be received as a result of this Settlement, compared to the distractions, expense and uncertainty of further litigation, and (b) the Company's ability to fund a settlement, if the litigation continues to proceed, and, and have concluded that the Settlement is fair, reasonable, adequate, and in the best interests of the Class and the Company;

WHEREAS, Plaintiffs' Counsel in the Federal and State Derivative Suits have considered the substantial benefit to the Company that will be received as a result of this Settlement in light of the harm that the Company would suffer, causing a substantial burden to and potentially adverse impact on the Company, if the Federal and/or State Derivative Suits continue to proceed, and have concluded that the Settlement is fair, reasonable, adequate, and in the best interests of the Company; and,

WHEREAS, Defendants have denied and continue to deny all alleged wrongdoing, fault, liability or damage to any Plaintiff or the Class, deny that they committed any violation of law;

and deny that they acted improperly in anyway. Defendants further believe that they acted properly at all times and that these Actions are all without merit. Defendants seek to settle and compromise these Actions so as to avoid further substantial expense, risks, inconvenience, and distraction of burdensome litigation and to put to rest all controversies raised in these Actions.

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the undersigned attorneys for Plaintiffs and Defendants that on the terms and conditions in the sections below:

1) all claims that were, are or could have been asserted individually, derivatively, and/or on behalf of the Class in the Consolidated Securities Litigation, arising out of the facts alleged therein will, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, be dismissed with prejudice on the merits and settled, subject to approval by the Federal Court;

2) all claims that were, are or could have been asserted individually, derivatively, and/or on behalf of the Company in the Federal Derivative Suit, arising out of the facts alleged will be dismissed with prejudice on the merits and settled, subject only to approval by the Federal Court; and,

3) all claims that were, are or could have been asserted individually, derivatively, and/or on behalf of the Company in the State Derivative Suit, arising out of the facts alleged will be dismissed with prejudice, subject only to approval of the Settlement in the Federal Court Actions.

1.   **DEFINITIONS**

As used herein, the following terms shall have the meanings indicated:

5

a. "Actions" means the above-captioned actions, including:

    i.  the consolidated action pending in the United States District Court for the Northern District of Texas entitled *Lentz v. Citadel Security Software, Inc.,* 3:05-CV-0100-D;

    ii.  the action pending in the United States District Court for the Northern District of Texas entitled *Baier v. Steven B. Solomon, et al.,* 3:05-CV-0846-D; and

    iii.  the action pending in the United States District Court for the 193rd State District Court in Dallas County, Texas entitled *Brantley v. Steven B. Solomon, et al.,* Cause No. 05-03117-L.

b. "Administration Expenses" means all costs, disbursements, and expenses incurred by Plaintiffs and the Settlement Class and approved by the Federal Court in the implementation of this Settlement including, but not limited to, reasonable fees and expenses of an agent to administer the Settlement, tax counsel, or accountants in connection with the determination of any tax liability of the Settlement Fund; reviewing Proofs of Claim filed by the Settlement Class; the Notification Costs; and the costs of transferring payments to Settlement Class Members entitled to recovery.

c. "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

d. "Citadel" means Citadel Security Software, Inc.

e. "Claims Administrator" means Strategic Claims Services.

f. "Claimant" means any Settlement Class Member who submits a Proof of Claim in such form and manner, and within such time as the Federal Court shall prescribe.

6

g. "Co-Lead Counsel" shall mean the law firms Murray, Frank & Sailer LLP and Labaton Sucharow & Rudoff LLP.

h. "Class Period" means the period between February 12, 2004 and December 16, 2004, inclusive.

i. "Counsel Fees and Expenses" means fees and expenses allowed by the Federal Court that are sought and were incurred by Class and Derivative Counsel in the prosecution of the Actions.

j. "Defendants" means Citadel Security Software, Inc., Steven B. Solomon, Richard Connelly, Chris A. Economou, John Leide, and Joe M. Allbaugh.

k. "Defendants' Counsel" means Haynes and Boone, LLP.

l. "Derivative Counsel" means Federman & Sherwood, Law Office of Balon B. Bradley, and Robbins Umeda & Fink, LLP.

m. "Escrow Agent" means Plaintiffs' Co-Lead Counsel.

n. "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 6 below.

o. "Federal Derivative Plaintiff" means Hans J. Baier.

p. "Federal Court" means United States District Court for the Northern District of Texas.

q. "Individual Defendants" means Steven B. Solomon, Richard Connelly, Chris A. Economou, John Leide, and Joe M. Allbaugh.

r. "Insurer" means the insurance company that issued directors' and officers' insurance policies covering the claims asserted in the Actions, Mutual Marine Office, Inc. d/b/a Gotham Insurance Company.

s. "Net Settlement Fund" means the Settlement Fund, together with any interest earned thereon, less Administration Expenses and Counsel Fees and Expenses permitted by the Federal Court, and any Taxes and Tax Expenses, as defined hereinafter in paragraph 2(f), payable from the Settlement Fund.

t. "Notice" means the Notice of Proposed Settlement of Class Action and Derivative Action, Motion for Attorneys' Fees and Fairness Hearings that is annexed hereto as Exhibit 2.

u. "Notification Costs" means the reasonable cost of providing Notice to the Class, including not but limited to, duplication or printing costs, costs of identification of Settlement Class Members, costs of mailing the Notice to the Class, and cost of publication of the Summary Notice over the BUSINESS WIRE, PRIME ZONE or PR NEWSWIRE.

v. "Order and Final Judgment" means the order and final judgment, substantially in the form annexed as Exhibit 5 hereto, entered by the Federal Court pursuant to Paragraph 8 hereof, which shall approve the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

w. "Plaintiffs' Counsel" means Co-Lead Counsel and Derivative Counsel.

x. "Preliminary Order" means the Order, substantially in the form annexed as Exhibit 1 hereto, entered by the Federal Court as provided in Paragraph 5 hereof, which shall provide, among other things, for fairness hearings by the Federal Court to consider the Settlement and the giving of notice to all reasonably identifiable Settlement Class Members and current holders of Citadel common stock, which Notice shall be substantially in the form of Exhibit 2 attached hereto.

y. "Proof of Claim" means the document, a form of which is annexed as Exhibit 3 hereto. The Proof of Claim shall also contain a release as provided in Paragraph 3 hereof.

z. "Released Parties" means Defendants in these Actions as well as Defendants' present and former officers, directors, agents, employees, consultants, attorneys, accountants, auditors, underwriters, partners, insurers, reinsurers, personal representatives, spouses, issues, heirs, executors, administrators, predecessors, successors, assigns, parent corporations, subsidiaries, divisions, affiliates, trusts, or any other individual or entity in which any Defendant has a controlling interest or which is affiliated with any of the Defendants or any of the parties listed above, and members of the immediate families of the Individual Defendants.

aa. "Securities Lead Plaintiff" means the Citadel Investors Group, consisting of Timothy M. Turose, Elaine Turose, Lee Waters, and Howard Dayton.

bb. "Settled Claims" means any and all claims known or Unknown (as defined herein), accrued or not accrued, at law or in equity, which have been or could have been asserted individually and/or derivatively by any Plaintiff and/or any member of the Class in the Consolidated Securities Litigation and/or the State and Federal Derivative Suits against Defendants or any Released Parties which relate to, arise out of or are based upon (a) any purchase or sale of Citadel common stock during the Class Period and/or (b) the facts, matters, transactions or circumstances alleged in the Consolidated Securities Litigation and/or the State and Federal Derivative Suits (including, without limitation, claims for negligence, gross negligence, abuse of control, waste of corporate assets, unjust enrichment, breach of fiduciary duty, breach of duty of care and/or breach of duty of loyalty, fraud, or violations of any state or federal common law, statutes, rules or regulations).

9

cc. "Settlement Class," "Class" and "Settlement Class Members" mean all persons and entities who purchased common stock of Citadel between February 12, 2004 and December 16, 2004, inclusive.  Excluded from the Class are Defendants, officers and directors of Citadel at all relevant times, members of their immediate families, and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest. Insofar as a Settlement Class Member makes a proper and timely request for exclusion from the Settlement Class, he shall not be considered a Settlement Class Member.

dd. "Settlement" means the terms of settlement of the Actions agreed to hereby.

ee. "Settlement Fund" means the cash Defendants shall cause their Insurer to deliver to the Settlement Account pursuant to Paragraph 2 hereof.

ff. "Fairness Hearings" means the hearings held by the Federal Court to consider final approval of the Settlement of the Consolidated Securities Litigation, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as well as the Federal Derivative Suit.

gg. "State Derivative Plaintiff" means Harry Brantley.

hh. "State Court" means the 193rd State District Court in Dallas County, Texas.

ii. "Stipulation" means this Stipulation of Settlement.

jj. "Summary Notice" means the Summary Notice of Proposed Settlement of Class Action and Derivative Action, Motion for Attorneys' Fees and Fairness Hearings, a form of which is annexed hereto as Exhibit 4.

kk. "Supplemental Agreement" refers to the agreement made between Plaintiffs and Citadel, through their counsel, a copy of which shall be made available, if necessary, for the

Federal Court's *in camera* review consistent with the terms and conditions of the Supplemental Agreement.

ll. "Unknown Claims" means any and all Settled Claims which any Plaintiff and/or member of the Class do not know or suspect to exist in his favor at the time of the release of Defendants and the Released Parties, which if known by him might have affected his decision with respect to the Settlement. With respect to any and all Settled Claims, the Settling Parties stipulate and agree that upon the Effective Date, each Plaintiff shall expressly and each member of the Class shall be deemed to have, and by operation of the Order shall have, expressly waived any and all provisions, rights and benefits conferred by law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Plaintiffs acknowledge and members of the Class, by operation of law shall be deemed to acknowledge, that the inclusion of "Unknown Claims" in the definition of Settled Claims was separately bargained for and was a key element of the Settlement. Plaintiffs and/or members of the Class may hereafter discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of the Settled Claims, but Plaintiffs intend and members of the Class are deemed to intend, the release of the Settled Claims to be effective without regard to the subsequent discovery or existence of such different or additional facts and it extends to Unknown Claims. The release of the Settled Claims is intended to be a full and

11

binding release of all Settled Claims, including Unknown Claims, and shall be construed broadly to effect that purpose.

## 2.    THE SETTLEMENT CONSIDERATION AND SETTLEMENT FUND

a. In full, complete, and final settlement of any and all Settled Claims against any and all Defendants and the Released Parties, and subject only to the terms and conditions of this Stipulation, Defendants shall cause their Insurer to deliver $1,750,000 in cash to be deposited into the Settlement Account (as defined in subparagraph (c)) within ten (10) business days of entry of the Preliminary Order.

b. If a case is commenced with respect to Citadel under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by Citadel to be a preference, voidable transfer, or fraudulent transfer, then the releases given and judgment entered pursuant to this Stipulation shall be voidable by Co-Lead Counsel, and if so voided, the Settling Parties shall be restored to their respective positions in the Actions (including the Consolidated Securities Litigation and the State and Federal Derivative Suits) as of the date hereof upon the return of the Settlement Fund to Citadel, including interest earned on the Settlement Fund, less any Administration Expenses.

c. The Settlement Fund shall be maintained in a separate interest bearing account (the "Settlement Account") at Sovereign Bank, from the date it is deposited as provided herein until it is transferred in accordance with the provisions of this Stipulation and orders of the Federal Court or returned to the Insurer as described herein. The Settlement Account shall be established

so that it is held in escrow by Plaintiffs' Co-Lead Counsel, shall be deemed to be in the custody, and shall remain subject to the jurisdiction, of the Federal Court until the funds are distributed pursuant to this Stipulation and/or further Court order.

d. The Settlement Fund, and any interest earned thereon, shall be the sole source of funds from Defendants for payment of valid claims to the Settlement Class and all Administration Expenses, Taxes and Tax Expenses, as defined in subparagraph (f) hereto, and Class and Derivative Counsel Fees and Expenses. Plaintiffs and Settlement Class Members will look solely to the Settlement Fund for settlement and satisfaction of any and all Settled Claims against any and all Defendants and the Released Parties. Defendants shall have no responsibility or obligation in connection with the administration, investment, or distribution of the Settlement Fund.

e. The Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" with the meaning of Treas. Reg. Section 1.468B-1. In addition, the Escrow Agent shall timely make the "relation-back election" (as defined in Treas. Reg. Section 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and to cause the appropriate filing to occur. For the purposes of Section 468B of the Internal Revenue Code of 1986, and Treas. Reg. Section 1.468B, the "administrator" shall be the Claims Administrator. The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg.

Section 1.468B-2(k)).  Such returns (as well as the "relation back" election) shall be consistent with this Paragraph 2(e) and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

 f.  All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund ("Taxes") and (ii) expenses and costs incurred in connection with the operation and implementation of the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Paragraph 2(e) ("Tax Expenses"), shall be paid out of the Settlement Fund prior to distribution to Settlement Class Members.  Further, Taxes and the Tax Expenses shall be treated as, and considered to be, part of the Administration Expenses of the Settlement and shall be timely paid by the Claims Administrator out of the Settlement Fund without prior order from the Federal Court, and the Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. Section 1.468B-2(1)(2)).  Plaintiffs and Defendants agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

 In all events, Defendants and their respective Released Parties shall have no liability or responsibility for the payment or withholding of Taxes or the Tax Expenses, or the preparation or

filing of returns, all of which shall be the sole responsibility of Plaintiffs' Co-Lead Counsel or their designee.

g.  If the Effective Date does not (and cannot occur) or the Settlement is terminated pursuant to paragraph 6, $1,750,000 of the Settlement Fund, plus any accrued interest, but less any Notification Costs or Taxes (and any interest or penalties thereon) incurred but not yet paid, shall be returned to Insurer within ten business days of the failure of the Effective Date to occur. The Settlement Fund shall, until such time, be subject to the jurisdiction and Order of the Federal Court.

3.  **SCOPE AND EFFECT OF SETTLEMENT**

a.  As consideration for the Settlement, Plaintiffs and the Class shall dismiss with prejudice the Consolidated Securities Litigation, Federal Derivative Suit and State Derivative Suit, and Plaintiffs and the Class, on behalf of themselves and each of their respective past or present officers, directors, shareholders, employees, agents, attorneys, general or limited partners, managers, members, affiliates, parents, subsidiaries, issues, heirs, spouses, representatives, successors and assigns, and any persons they represent, shall with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Settled Claim against any and all of the Defendants and the Released Parties, providing the Effective Date occurs.

b.  Each Proof of Claim shall provide that when the Effective Date occurs, Settlement Class Members shall have released Defendants and the Released Parties as provided in this paragraph and shall forever be enjoined from prosecuting the Settled Claims against Defendants and the Released Parties.  Each Proof of Claim shall also provide that the Settlement Class

15

Member acknowledges that he may hereafter discover facts in addition to or different from those he now knows or believes to be true with respect to the subject matter of his release but that it is his intent to fully, finally, and forever settle and release any and all claims released hereby, known or Unknown (as defined herein), suspected or unsuspected, that now exist, or heretofore have existed, or may hereafter exist, and without regard to the subsequent discovery of the existence of such different or additional facts. No payment will be made to any Settlement Class Member, including Securities Lead Plaintiff, entitled to recover hereunder, until said Settlement Class Member executes a release as a part of his Proof of Claim, but the failure of any Settlement Class Member to file a Proof of Claim shall not in any way affect the fact that such non-filing Settlement Class Members have released their actual or potential claims to the full extent provided in this Stipulation.

4.    **ADMINISTRATION AND PLAN OF ALLOCATION**

a. Plaintiffs' Co-Lead Counsel may request that the Court appoint a Claims Administrator for the Settlement. Defendants shall have no responsibility or liability concerning the appointment of the Claims Administrator or any actions taken by the Claims Administrator. The Claims Administrator, acting on behalf of the Settlement Class, and subject to the supervision, direction, and approval of Co-Lead Counsel and the Federal Court, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of that portion of the Settlement Fund that is finally awarded by the Federal Court to the Settlement Class Members. The Claims Administrator shall be responsible for making and publishing the Notice and Summary Notice, respectively, and such Notification Costs shall be paid from the Settlement Fund. Citadel shall direct its transfer agent to provide to the Claims

16

Administrator its shareholder lists solely for providing Notice to the Class. Plaintiffs and the Claims Administrator agree that Citadel's shareholder lists will not be used for any purposes other than providing notice to the Class as provided in this paragraph, and, after the Effective Date, making distributions to Authorized Claimants who filed valid and complete proofs of claims, and will not otherwise be disclosed to any other persons.

b. The Settlement Fund shall be applied as follows:

(i) To pay the Administration Expenses and Notification Costs;

(ii) To pay Taxes and Tax Expenses;

(iii) To pay Counsel Fees and Expenses, with interest thereon to Plaintiffs' Counsel, to the extent and at the time allowed by the Federal Court (the "Fee and Expense Award"); and,

(iv) To distribute the balance of the Net Settlement Fund to the Authorized Claimants, as allowed by the Stipulation, the Plan of Allocation, or such further order of the Federal Court.

c. After the Effective Date and subject to such further approval and further order(s) of the Federal Court as may be required, the Net Settlement Fund shall be distributed to the Authorized Claimants subject to and in accordance with the following:

(i) Within ninety days after the mailing of the Notice or such other time as may be set by the Federal Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a separate completed Proof of Claim as attached to the Notice and substantially in the form of Exhibit 3 hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim

17

and as are reasonably available to the Authorized Claimant. Defendants and their respective Released Parties shall have no role in or responsibility or liability for review, evaluations, or decisions on any Proofs of Claim.

(ii) The Claims Administrator will notify in writing each person whose Proof of Claim has been rejected by the Claims Administrator, in whole or in part, and of the reason(s) therefore, and will indicate in such notice that the person whose Proof of Claim is rejected has the right to correct any deficiencies in his Proof of Claim or to a hearing before the Federal Court if he so desires.

(iii) If any person whose Proof of Claim has been rejected in whole or in part by the Claims Administrator, within twenty days after receipt of the notice required in subparagraph 4(c)(ii) above, serves upon the Claims Administrator, and files with the Federal Court a notice indicating his intention to contest the rejection and requesting a hearing thereon before the Federal Court, the validity of such person's claim will be determined by the Federal Court at such time as the Federal Court may direct. If such person fails to serve and file such notice, his Proof of Claim, to the extent so rejected, will not be allowed. Each Claimant shall be deemed to have submitted to the jurisdiction of the Federal Court with respect to the Claimant's claim.

(iv) No discovery shall be allowed of the Defendants, the Insurer or the Released Parties or on the merits of the Consolidated Securities Litigation and/or the Federal and State Derivative Suits or the Settlement in connection with the processing of the Proofs of Claims. Other than providing shareholder lists to Plaintiffs' Counsel, Defendants shall

18

not be required to provide any information in connection with the processing Proofs of Claims.

d. All Settlement Class Members who fail to timely submit a valid Proof of Claim within such period and all Settlement Class Members whose claims are rejected by the Court, shall be forever barred from receiving any payments of money pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the Settlement, and the Order and Final Judgment, including the releases and injunctions provided for herein and therein, and will be barred from bringing any action against any or all of the Defendants and Released Parties concerning any or all of the Settled Claims.

e. Each Settlement Class Member who submits a valid and timely Proof of Claim showing an Eligible Amount as described below shall receive a distribution from the Net Settlement Fund as described below, unless a Settlement Class Member's individual distribution is less than $10.00, in which case there will be no distribution. That distribution will be calculated, except as otherwise ordered by the Federal Court, as follows:

(i) For each share of common stock purchased during the Class Period and held at the end of the Class Period, the "Eligible Amount" shall be the purchase price, excluding fees and commissions, minus $2.01 per share.

(ii) In processing claims, the first-in, first-out basis ("FIFO") will be applied to both purchases and sales. Under FIFO, each Claimant must provide the number of shares purchased during the Class Period, the date of each such purchase, and the price paid, and the number of shares sold during the Class Period and the date of each such sale, and the

19

price received. Sales of Eligible shares will be matched in chronological order against purchases during the Class Period, in which case any gains will be omitted in calculating the Eligible Amount of each Claim.

(iii) Authorized Claimants will receive a share of the Settlement Fund equal to the proportion that their Eligible Amount bears to the total amount of Eligible Amounts of all Claimants entitled to share in the Settlement Fund.

f. None of the Defendants or Defendants' Counsel shall have any responsibility for, interest in, or liability whatsoever with respect to:

(i) any act, omission or determination of Plaintiffs' Co-Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise;

(ii) the management, investment or distribution of the Settlement Fund;

(iii) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund;

(iv) the Plan of Allocation; or

(v) any losses suffered by, or fluctuations in the value of, the Settlement Fund.

g. Defendants take the position that the Settlement Class has not sustained any damages, but do not object to the Plan of Allocation proposed by Co-Lead Counsel. The Federal Court's approval of the Plan of Allocation is not a condition of the Settlement.

20

5.    **COURT APPROVAL / PRELIMINARY ORDER**

a. After the execution of this Stipulation, the Parties hereto will promptly submit it to the Federal Court and will request the entry of the Preliminary Order from the Federal Court, substantially in the form annexed as Exhibit 1 hereto.

b. The Parties to this Stipulation and their attorneys agree that they will use their best efforts to obtain all necessary approvals of this Stipulation by the Federal and State Courts.

6.    **EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION**

a. The Effective Date of the Settlement shall be the date when all of the following shall have occurred:

(i) the Federal Court's entry of the Preliminary Approval Order in all material respects in the form annexed as Exhibit 1 hereto;

(ii) the Federal Court's approval of the Settlement, following Notice to the Class and the Settlement Hearing, as prescribed by Federal Rule of Civil Procedure 23;

(iii) the Federal Court's entry of an Order and Final Judgment, in all material respects in the form set forth in attached Exhibit 5, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, five (5) days after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or by writ of certiorari, or, if the Court enters an order and final judgment in a form other than that provided above (the "Alternative Judgment") and none of the Parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review; and

21

(iv)  the State Court's entry of the Agreed Order of Dismissal of the State

Derivative Suit in all material respects in the form attached hereto as Exhibit 6.

*Provided however*, that (i) any award of Counsel Fees and Expenses and/or (ii) the approval of

any Plan of Allocation shall not be considered a material provision of the Order and Final

Judgment and any appeal of any such award or Plan of Allocation shall not delay the Effective

Date and any modification as a result of such appeal shall not be considered a modification of a

material term.

b.  Defendants' Counsel or Plaintiffs' Co-Lead Counsel shall have the right to terminate

the Settlement contemplated by this Stipulation by providing written notice of such election to

the Parties within thirty (30) days of any of the following events:

(i)  the Federal Court rejects the Proposed Preliminary Approval Order in any

material respect; or

(ii)  the Federal Court rejects, or modifies in any material respect, the Proposed

Order and Final Judgment, providing for each of the following: (a) approving the

Settlement, (b) dismissing the Consolidated Federal Securities Litigation and the Federal

Derivative Suit with prejudice, and (c) providing for the releases described in the

Settlement to become final; or

(iii)  the State Court denies the Motion to Dismiss the State Derivative Suit with

prejudice, or modifies the proposed order submitted therewith in any material respect.

c.  Notwithstanding sub-paragraph 6.b., the following events or occurrences shall not

create in Plaintiffs' Co-Lead Counsel a right to terminate the Settlement:  (i) a decision by the

Federal Court to award Counsel Fees and Expenses in an amount less than the amounts applied for by Plaintiffs' Co-Lead Counsel; and (ii) the approval or denial of any Plan of Allocation.

d.  Plaintiffs and Citadel, through their counsel, have executed a "Supplemental Agreement" setting forth certain conditions under which this Stipulation may be withdrawn or terminated by Citadel if potential Class Members who purchased in excess of a certain number of Citadel common stock shares during the Class Period exclude themselves from the Class.  The Supplemental Agreement shall not be filed with the Court unless a dispute arises about its terms or the Court so orders and in such event, the Supplemental Agreement will be submitted to the Court *in camera*.  In the event of a termination of this Settlement under the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect and the provisions of sub-paragraph 6.e. shall apply.

e.  If the Settlement is terminated or fails to become effective for any reason, then (i) the Settlement shall be without force and effect upon the Parties' rights, and none of its terms shall be effective or enforceable, except to the extent Notification Costs and Administrative Expenses or Taxes have been expended under this Stipulation; (ii) this Stipulation, the facts and terms of the Settlement, and all oral and written communications and other documents pertaining to the Settlement shall be null and void and without prejudice, and shall not be referred to by any Party or admissible in any further proceedings in any of the Actions; (iii) the balance remaining in the Settlement Fund shall be returned, together with any amounts of Counsel Fees and Expenses previously awarded to Plaintiffs' Co-Lead Counsel and paid out of the Settlement Fund, less any Notification Costs or Administrative Expenses incurred before such termination, and less any Taxes, shall be returned to Insurer within ten (10) business days; and (iv) the Parties shall revert

to their litigation positions immediately prior to the execution of the Memorandum of Understanding on June 1, 2006.

### 7.    COUNSEL'S FEES AND EXPENSES

Plaintiffs' Co-Lead Counsel will apply to the Federal Court for an award of (i) Counsel Fees reasonably incurred in connection with the prosecution of the Actions, in an amount not to exceed one-third (33 1/3%) of the Settlement Fund, to be paid out of the Settlement Fund; plus (ii) Expenses reasonably incurred in connection with the prosecution of the Actions, to be paid out of the Settlement Fund.  Defendants shall not oppose the application, nor will they object to the form of a separate motion and form of order providing for the award of attorneys' fees and reimbursement of expenses.

### 8.    ENTRY OF FINAL JUDGMENTS / ORDERS

Consummation of this Stipulation is contingent upon the Federal Court's entry of the Order and Final Judgment substantially in the form annexed hereto as Exhibit 5 and the State Court's entry of the Agreed Order of Dismissal substantially in the form annexed hereto as Exhibit 6.

### 9.    CLASS CERTIFICATION

Plaintiffs and Defendants consent to the certification of the Settlement Class for purposes of this Settlement only.  It is expressly understood and agreed that Defendants do not waive any of their rights to contest class certification in the event the Settlement is not consummated.

### 10.    NO ADMISSION OF WRONGDOING

It is expressly understood that this Stipulation, whether consummated or not, and any negotiations or proceedings in connection herewith and any orders of the Federal and/or State

24

Courts relating to it do not constitute and will not be construed as, or be deemed to be, evidence or an admission or concession on the part of Defendants of any liability or wrongdoing whatsoever or the appropriateness of certifying a class other than for settlement purposes or on the part of Plaintiffs or Settlement Class Members of any lack of merit to the Actions. This Stipulation and each of its provisions and any orders of the Federal and/or State Courts relating to it will not be offered or received in evidence in the Actions or in any other action or proceeding except to enforce their terms.

11.    **GENERAL PROVISIONS**

a.  All of the exhibits attached hereto are hereby incorporated by reference in this Stipulation as though fully set forth herein.

b.  The undersigned attorneys and representatives for Plaintiffs and Defendants have authority to execute this Stipulation pursuant to the express authorization of their respective clients.

c.  Plaintiffs expressly represent and warrant that, in entering into the Settlement, they have relied upon their own knowledge and investigation (including the knowledge of and investigation performed by Plaintiffs' Counsel), and not upon any promise, representation, warranty, or other statement made by or on behalf of any Defendant not expressly contained in this Stipulation.

d.  This document may be signed in counterparts, each of which shall be deemed to be and have the force of an original insofar as the signature thereon is concerned. Any signature to this Stipulation, to the extent signed and delivered by facsimile shall be treated in all manners

25

and respects as an original signature and shall be considered to have the same binding effect as if it were the original signed version thereof delivered in person.

e.  The captions contained in this Stipulation are not part of the Stipulation and will not be relied upon in construing the Stipulation or in determining its validity.

f.  The service of papers and notices under this Stipulation shall be made upon Co-Lead Counsel, Derivative Counsel, and the Settlement Class by serving such papers on:

> Gregory B. Linkh, Esq.
> Murray, Frank & Sailer LLP
> 275 Madison Avenue, Suite 801
> New York, New York 10016
>
> Joseph Sternberg, Esq.
> Labaton Sucharow & Rudoff LLP
> 100 Park Avenue
> New York, NY 10017
>
> William B. Federman, Esq.
> Federman & Sherwood
> 120 N. Robinson, Ste. 2720
> Oklahoma City, Oklahoma 73102

and upon Defendants by serving such papers on counsel for Defendants:

> Noel M. Hensley, Esq.
> Haynes and Boone, LLP
> 901 Main Street
> Suite 3100
> Dallas, TX 75202

by personal delivery or first class mail.

g.  When used herein, the masculine shall include the feminine and the neuter.

h.  Texas law shall govern this Stipulation and any documents prepared or executed pursuant to this Stipulation.  The forum for resolving disputes arising under or relating to this Stipulation shall be the United States District Court for the Northern District of Texas.

i.  This Stipulation may not be modified or amended, except by a writing signed by all Parties or their respective successors-in-interest.

j.  The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

k.  This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Parties.

l.  The Parties acknowledge, represent and warrant to each other that the releases and payments hereunder are adequate consideration for the consideration given.

m.  This Stipulation constitutes the complete agreement of the Parties hereto and supersedes any prior agreements, oral or otherwise, which may have been reached in these Actions.

Dated:  September 19, 2006


_____/S/_Marvin L. Frank_____
Marvin L. Frank
MURRAY, FRANK & SAILER LLP
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone:    (212) 682-1818
Facsimile:    (212) 682-1892


            -and-

Joseph Sternberg
LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue
New York, NY 10017
Telephone:    (212) 907-0700
Facsimile:    (212) 818-0477

**Co-Lead Counsel for Plaintiffs in the
Consolidated Securities Litigation**

Randall K. Pulliam
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219-4281
Telephone:    (214) 521-3605
Facsimile:    (214) 520-1181

**Liaison Counsel for Plaintiffs in the
Consolidated Securities Litigation**

___/s/ William B. Federman_____
William B. Federman
FEDERMAN & SHERWOOD
120 N. Robinson, Suite 2720
Oklahoma City, OK 73102
Telephone:     (405) 235-1560
Facsimile:     (405) 239-2112
                -and-
2926 Maple Avenue, Suite 200
Dallas, TX 75201

**Attorneys for Plaintiff in the Federal Derivative Suit**


___/s/ Balon B. Bradley_____
Balon B. Bradley
LAW OFFICE OF BALON B. BRADLEY
5473 Blair Road, Suite 100
Dallas, TX 75231
Telephone:     (972) 991-1582
Facsimile:     (972) 755-0424

Brian J. Robbins
Jeffrey P. Fink
ROBBINS UMEDA & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone:     (619) 525-3990
Facsimile:     (619) 525-3991

**Attorneys for Plaintiff in the State Derivative Suit**

29

___/s/ Noel M. Hensley_____
Noel M. Hensley
Carrie L. Huff
HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, TX 75202
Telephone:  (214) 651-5000
Facsimile:  (214) 651-5940

**Attorneys for Defendants Citadel Security Software, Inc.,**
**Steven B. Solomon and Richard Connelly**
**in the Consolidated Securities Litigation**

**Attorneys for Defendants Steven B. Solomon, Richard Connelly**
**and Chris Economou and Nominal Defendant**
**Citadel Security Software, Inc. in the Federal Derivative Suit**

**Attorneys for Defendants Steven B. Solomon, Richard Connelly,**
**Chris A. Economou, John Leide and Joe M. Allbaugh, and**
**Nominal Defendant Citadel Security Software, Inc. in the State Derivative Suit**