ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 15 2006
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

------------------------------------------------------------x
RUTH LENTZ, Individually and On Behalf of All :    Civ. Action No. 3:05-CV-0100-D
Others Similarly Situated,    :    (Consolidated with
   :    Civil Action No. 3:05-CV-0142-D
                            Plaintiff,    :    Civil Action No. 3:05-CV-0157-D
              vs.    :    Civil Action No. 3:05-CV-0184-D
   :    Civil Action No. 3:05-CV-0203-D
CITADEL SECURITY SOFTWARE INC.,    :    Civil Action No. 3:05-CV-0297-D
et al.,    :    and
   :    Civil Action No. 3:05-CV-0488-D
                         Defendants.    :
------------------------------------------------------------x

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

------------------------------------------------------------x
HANS J. BAIER, derivatively on behalf of    :
Nominal Defendant, CITADEL SECURITY    :
SOFTWARE, INC.,    :
   :
                            Plaintiff,    :
              vs.    :
   :
STEVEN B. SOLOMON, RICHARD    :
CONNELLY, CHRIS A. ECONOMOU,    :    Civil Action No 3:05-CV-0846-D
   :
                         Defendants,    :
   :
And    :
   :
CITADEL SECURITY SOFTWARE, INC.    :
   :
                     Nominal Defendant    :
------------------------------------------------------------x

### FINAL JUDGMENT AND ORDER APPROVING
### SETTLEMENT, AND DISMISSAL WITH PREJUDICE

THESE MATTERS have come before the Court to determine whether the proposed

settlement (the "Settlement") should be finally approved pursuant to the terms set forth in the

Stipulation of Settlement, dated as of September 19, 2006 (the "Stipulation"), relating to the above-captioned securities action, captioned *Ruth Lentz v. Citadel Security Software, Inc., et al.*, Civil Action No. 3-05-CV-0100-D (the "Class Action"), and the above-captioned derivative action, captioned *Hans J. Baier v. Steven B. Solomon, et al.*, Civil Action No. 3:05-CV-0846-D (the "Derivative Action"), and to certify the proposed class in the Class Action. The Court has considered all papers filed and proceedings had herein and otherwise is fully informed in the premises, and after holding hearings for each Action thereon on December 15, 2006, has determined that the Settlement set forth in the Stipulation should be approved as fair, reasonable, and adequate. The Court hereby enters this Final Judgment and Order Approving Settlement and Dismissal With Prejudice (the "Final Judgment"), which constitutes a final adjudication of this matter on the merits. Good cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that:

**The Class Action**

1. This Court has jurisdiction over the subject matter of the Class Action and over all parties to the Class Action, including all members of the Settlement Class, which is defined as all persons and entities who purchased Citadel common stock during the period February 12, 2004 to December 16, 2004, inclusive. Excluded from the Class are Defendants, officers and directors of Citadel at all relevant times, members of their immediate families, and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.

2. The definitions of terms set forth in the Stipulation and in the Preliminary Order entered by this Court on September 26, 2006 are hereby incorporated herein as though fully set forth in this Final Judgment.

3. With respect to the Settlement Class, this Court finds and concludes that: (a) the members of the Class are so numerous that joinder of all Class members in the Class Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Securities Lead Plaintiff in the Class Action are typical of the claims of the class; (d) the Securities Lead Plaintiff and their counsel have fairly and adequately represented and protected the interests of the Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy in the Class Action, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Class Action. The Settlement Class is hereby certified.

4. A Notice of Proposed Settlement of Class Action and Derivative Action, Motion for Attorneys' Fees and Fairness Hearings (the "Notice") was approved by the Court in the Preliminary Order. The Notice, among other things, advised members of the Settlement Class of their right to appear and express their views on the fairness of the Settlement of the Class Action at a hearing before the Court on December 15, 2006. The Notice also advised Settlement Class Members of their right to exclude themselves from the Settlement Class. No one has submitted a request for exclusion from the settlement and, accordingly, there are no opt-outs.

5. The Court hereby approves the Settlement of the Class Action set forth in the Stipulation and finds that said Settlement of the Class Action is, in all respects, fair, reasonable, and adequate to the Settlement Class, and within the authority of the Parties.

6. After such hearing, the Court hereby enters Final Judgment in the Class Action in favor of the Defendants and against Plaintiffs and all persons and entities who are members of the Settlement Class.

7. Plaintiffs and all persons and entities who are members of the Settlement Class, and on behalf of themselves and each of their respective past or present officers, directors, shareholders, employees, agents, attorneys, general or limited partners, managers, members, affiliates, parents, subsidiaries, issues, heirs, spouses, representatives, successors, assigns and any persons they represent, shall with respect to each and every Settled Claim, fully and finally release, relinquish and forever discharge and are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any and all Settled Claims against any and all of the Defendants and the Released Parties. All Settlement Class Members shall be conclusively deemed to have fully, finally, and forever released, relinquished and discharged any and all Defendants and the Released Parties from any and all such Settled Claims, and are hereby barred and permanently enjoined from prosecuting, commencing or continuing any and all Settled Claims against any and all Defendants and the Released Parties whether or not they have submitted a Proof of Claim.

8. The Court hereby approves the Plan of Allocation set forth in the Stipulation.

9. The Notice given to the Settlement Class, which sets forth the principal terms of the Stipulation and other matters set forth therein, was the best notice practicable under the

circumstances, consisting of individual notice to all members of the Settlement Class who could be identified through reasonable efforts as well as publication notice to all others. The Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement, to all persons entitled to such notice, and said Notice fully satisfied the requirement of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

10. This Court hereby dismisses the Class Action as well as all Settled Claims on the merits and with prejudice against all persons and entities who are members of the Settlement Class, in favor of the Defendants and without costs to any of the Parties as against any other Settling Party, except as provided in the Stipulation. This dismissal is without costs to any Party.

**The Derivative Action**

11. This Court has jurisdiction over the subject matter of the Derivative Action.

12. The Notice mentioned above, among other things, advised current holders of Citadel common stock of their right to appear and express their views on the fairness of the Settlement of the Derivative Action at a hearing before the Court on December 15, 2006.

13. The Notice, which sets forth the principal terms of the Stipulation and other matters set forth therein, was the best notice practicable under the circumstances, for potential plaintiffs in the Derivative Action, consisting of individual notice to current holders of Citadel common stock who could be identified through reasonable efforts. The Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of due process.

14. The Court hereby approves the Settlement of the Derivative Action set forth in the Stipulation and finds that said Settlement of the Derivative Action is, in all respects, fair, reasonable, and within the authority of the Parties.

15. After such hearing, the Court hereby enters Final Judgment in the Derivative Action, dismissing the Derivative Action as well as all Settled Claims on the merits and with prejudice, against Plaintiff Hans J. Baier and all persons and entities who are current holders of Citadel common stock in favor of the Defendants and without costs to any Party.

**Miscellaneous**

16. Neither this Final Judgment, the Stipulation, nor the Settlement are an admission or concession by Defendants of the truth or validity of any claims in these Actions, all of which have been denied by Defendants, or of any liability or wrongdoing by them or of any violation of law; the Final Judgment, Stipulation, and Settlement are not a concession of wrongdoing or liability, and shall not in any way be used as an admission or concession with respect to any claim of any wrongdoing, fault, or omission by Defendants or any other person in connection with any transaction or occurrence or any statement, release, or written document issued, filed, or made; and neither this Final Judgment, the Stipulation, nor the Settlement, nor any related document, proceeding, or action, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding other than such proceedings as may be necessary to consummate or enforce the Final Judgment, the Stipulation, or the Settlement.

17. Any application for attorneys' fees and expenses submitted by Plaintiffs' Counsel shall in no way disturb or affect this Final Judgment and shall be considered separately from this Final Judgment.

18. Upon the signing of this Final Judgment, Plaintiffs' Counsel are awarded fees of $583,333.33 (33 1/3%) and disbursements of $93,696.86 to be paid from the Settlement Fund.

19. It is expressly determined that Plaintiffs, Defendants and their counsel have at all times complied with Fed. R. Civ. P. 11.

20. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the implementation of this Settlement and any distributions to Settlement Class Members pursuant to further orders of this Court; (b) the disposition of the Settlement Fund; (c) these Actions until this Final Judgment becomes final and each and every act agreed to be performed by the parties has been performed pursuant to the Stipulation; and (d) all Parties to these Actions for the purpose of enforcing and administering the Stipulation.

21. If the Settlement does not become effective in accordance with the terms of the Stipulation, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered in connection therewith shall be vacated and rendered null and void.

22. The Court finds, under Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment constitutes this the final adjudication on the merits of the Class Action and the Derivative Action and should be entered without delay. Accordingly, the Clerk is directed to enter this Judgment forthwith.

Dated: _December 15_, 2006

_____
UNITED STATES DISTRICT JUDGE